1  ANDRÉ BIROTTE JR.
   United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   J. MARK CHILDS (Cal. SBN: 162684)
4  JENNIFER L. WILLIAMS (Cal. SBN: 268782)
   Assistant United States Attorneys
5       1400 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-2433/5862
7       Facsimile: (213) 894-3713
        Email:   Mark.Childs@usdoj.gov
8                Jennifer.Williams6@usdoj.gov

9  Attorneys for Plaintiff
   UNITED STATES OF AMERICA

10

11              UNITED STATES DISTRICT COURT

12         FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                   WESTERN DIVISION

14 UNITED STATES OF AMERICA,        Case No. CR 13-484-CAS

15         Plaintiff,               PLEA AGREEMENT FOR DEFENDANT
                                    CLAUDIA GARCIA
16              v.

17 JOSE RODRIGUEZ-LANDA, et al.,

18         Defendants.

19

20

21      1.    This constitutes the plea agreement between CLAUDIA GARCIA

22 ("defendant") and the United States Attorney's Office for the

23 Central District of California ("the USAO") in the above-captioned

24 case.   This agreement is limited to the USAO and cannot bind any

25 other federal, state, local, or foreign prosecuting, enforcement,

26 administrative, or regulatory authorities.

27                    DEFENDANT'S OBLIGATIONS

28      2.    Defendant agrees to:

                              1

1            a)   At the earliest opportunity requested by the USAO and

2 provided by the Court, appear and plead guilty to Count One of the

3 Indictment in <u>United States v. Jose Rodriguez-Landa, et al.</u>, Case

4 No. CR 13-484-CAS.

5            b)   Not contest facts agreed to in this agreement.

6            c)   Abide by all agreements regarding sentencing

7 contained in this agreement.

8            d)   Appear for all court appearances, surrender as

9 ordered for service of sentence, obey all conditions of any bond,

10 and obey any other ongoing court order in this matter.

11           e)   Not commit any crime; however, offenses that would be

12 excluded for sentencing purposes under United States Sentencing

13 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are

14 not within the scope of this agreement.

15           f)   Be truthful at all times with Pretrial Services, the

16 United States Probation Office, and the Court.

17           g)   Pay the applicable special assessment at or before

18 the time of sentencing unless defendant lacks the ability to pay and

19 prior to sentencing submits a completed financial statement on a

20 form to be provided by the USAO.

21           h)   Not bring a post-conviction collateral attack on the

22 conviction or sentence in this case.

23           i)   Not move to withdraw defendant's guilty plea in this

24 case.

25                  <u>THE USAO'S OBLIGATIONS</u>

26   3.   The USAO agrees to:

27           a)   Not contest facts agreed to in this agreement.

28

<div align="center">2</div>

1              b)    Abide by all agreements regarding sentencing
2    contained in this agreement.
3              c)    At the time of sentencing, move to dismiss the
4    remaining counts of the indictment as against defendant, if any.
5    Defendant agrees, however, that at the time of sentencing the Court
6    may consider any dismissed charges in determining the applicable
7    Sentencing Guidelines range, the propriety and extent of any
8    departure from that range, and the sentence to be imposed.
9              d)    At the time of sentencing, provided that defendant
10   demonstrates an acceptance of responsibility for the offense up to
11   and including the time of sentencing, recommend a two-level
12   reduction in the applicable Sentencing Guidelines offense level,
13   pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move
14   for an additional one-level reduction if available under that
15   section.
16             e)    Not file an information(s), pursuant to Title 21,
17   Unites States Code, Section 851, seeking to increase defendant's
18   punishment based on defendant's prior drug felony (or felonies).
19                         NATURE OF THE OFFENSE
20   4.    Defendant understands that for defendant to be guilty of
21   the crime charged in Count One, that is, Conspiracy to Distribute
22   and Possess with Intent to Distribute a Controlled Substance, in
23   violation of Title 21, United States Code, Sections 846, 841(a)(1),
24   and 841(b)(1)(C), the following must be true:
25             (1)   There was an agreement between two or more persons to
26   distribute or possess with intent to distribute a controlled
27   substance, such as marijuana; and
28

                                    3

1    (2)   Defendant became a member of the conspiracy knowing
2  of at least one of its objects of distributing or possessing with
3  intent to distribute a controlled substance and intending to help
4  accomplish it.

<div align="center">PENALTIES</div>

6    5.   Defendant understands that the statutory maximum sentence
7  that the Court can impose for a violation of Title 21, United States
8  Code, Sections 846, 841(a)(1), and 841(b)(1)(C), as charged in Count
9  One of the Indictment, is: 20 years imprisonment; a lifetime period
10 of supervised release; a fine of $1,000,000, or twice the gross gain
11 or gross loss resulting from the offense, whichever is greatest; and
12 a mandatory special assessment of $100.

13   6.   Defendant understands that the statutory mandatory minimum
14 sentence that the Court must impose for a violation of Title 21,
15 United States Code, Sections 846, 841(a)(1), and 841(b)(1)(C), is: a
16 three-year period of supervised release, and a mandatory special
17 assessment of $100.

18   7.   Defendant understands that supervised release is a period
19 of time following imprisonment during which defendant will be
20 subject to various restrictions and requirements.  Defendant
21 understands that if defendant violates one or more of the conditions
22 of any supervised release imposed, defendant may be returned to
23 prison for all or part of the term of supervised release authorized
24 by statute for the offense that resulted in the term of supervised
25 release.

26   8.   Defendant understands that, by pleading guilty, defendant
27 may be giving up valuable government benefits and valuable civic
28 rights, such as the right to vote, the right to possess a firearm,

<div align="center">4</div>

the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9. Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

10. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

11. Defendant admits that defendant is, in fact, guilty of the

offense to which defendant is agreeing to plead guilty.  Defendant
and the USAO agree to the statement of facts provided below and
agree that this statement of facts is sufficient to support a plea
of guilty to the charge described in this agreement and to establish
the Sentencing Guidelines factors set forth in paragraph 13 below
but is not meant to be a complete recitation of all facts relevant
to the underlying criminal conduct or all facts known to either
party that relate to that conduct.

Beginning on a date unknown, but no later than in or around
January 2011, and continuing to in or about November 2011, in Los
Angeles and Orange Counties, within the Central District of
California, and elsewhere, defendant agreed and conspired with at
least one other person charged in Count One of the Indictment,
including, among others, co-defendant LV, and others to knowingly
and intentionally distribute, and possess with intent to distribute
marijuana.  Defendant became a member of the conspiracy knowing of
its objects of distributing, and possessing with intent to
distribute, marijuana and intending to help accomplish those
objects.

Defendant and her co-defendants committed numerous acts in
furtherance of the conspiracy to distribute and possess with intent
to distribute marijuana, including, among other acts, the following:

During the year 2011, defendant, at the direction of defendant
LV , transported marijuana and drug proceeds, and communicated
messages about drug transactions between LV and others.

On or about October 10, 2011, in telephone conversations,
defendant informed LV  that an unindicted co-conspirator had a
problem with drugs that were provided by LV, and LV told defendant

6

1  to inform the unindicted co-conspirator to do the drug deal anyways,
2  and defendant agreed to do so.
3      On or about October 10, 2011, in telephone conversations, LV
4  instructed defendant to ask an unindicted co-conspirator if the
5  unindicted co-conspirator had sold the drugs that were provided by
6  LV , and defendant agreed to do so.
7      On or about October 11, 2011, in telephone conversations,
8  defendant informed LV  that an unindicted co-conspirator, who had
9  received drugs from LV , would have drug proceeds available for LV
10 later that evening, and LV  told defendant to inform the unindicted
11 co-conspirator to have the money ready to be picked up.
12     On or about October 11, 2011, in telephone conversations, LV
13 informed defendant that LV  was negotiating the price for the
14 purchase of a large quantity of marijuana.  In response, defendant
15 agreed to update a drug customer of LV about LV 's pending drug
16 deal.
17     On or about October 11, 2011, in telephone conversations,
18 defendant LV informed defendant that LV would acquire a large
19 quantity of marijuana the next day; and defendant informed LV of her
20 communications with various drug customers who wanted to purchase
21 marijuana from LV and defendant.
22     Defendant agrees that her role in the drug-trafficking
23 conspiracy involved at least 50 kilograms of a mixture or substance
24 containing a detectable amount of marijuana.
25                        <u>SENTENCING FACTORS</u>
26     12.  Defendant understands that in determining defendant's
27 sentence the Court is required to calculate the applicable
28 Sentencing Guidelines range and to consider that range, possible

1  departures under the Sentencing Guidelines, and the other sentencing
2  factors set forth in 18 U.S.C. § 3553(a).   Defendant understands
3  that the Sentencing Guidelines are advisory only, that defendant
4  cannot have any expectation of receiving a sentence within the
5  calculated Sentencing Guidelines range, and that after considering
6  the Sentencing Guidelines and the other § 3553(a) factors, the Court
7  will be free to exercise its discretion to impose any sentence it
8  finds appropriate up to the maximum set by statute for the crime of
9  conviction. Defendant understands that defendant waives and gives up
10 any right to argue at sentencing or on appeal about the
11 applicability of the base offense level in the below paragraph, even
12 if this base offense level is subsequently modified or changed by
13 the U.S.S.G. or by federal statute or regulation.   Defendant agrees
14 that facts support the Sentencing Guidelines factor(s) below.

15    13.   Defendant and the USAO agree to the following applicable
16 Sentencing Guidelines factor(s):

17    Base Offense Level:   26   [U.S.S.G. §§ 2D1.1(c)(7)]

18    Proposed Amendment to
      U.S.S.G. § 2D1.1:    $-2^1$
19
      Mitigating Role:     -3 [U.S.S.G. § 3B1.2]
20
      Acceptance:          $-3$ [U.S.S.G. § 3E1.1][2]
21

22
23    [1] The parties agree that, in light of the Sentencing
      Commission's April 10, 2014, approval of an amendment to the Drug
24    Quantity Table found in subsection (c) of U.S.S.G. § 2D1.1, the
      Court should exercise the discretion conferred by Kimbrough v.
25    United States, 552 U.S. 85, 101 (2007), to reduce defendant's total
      offense level by two levels.
26
      [2] At the time of sentencing, provided that defendant
27    demonstrates an acceptance of responsibility for the offense up to
      and including the time of sentencing, recommend a two-level
28    reduction in the applicable Sentencing Guidelines offense level,
      pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move

Subject to paragraph 28 below, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed. Defendant agrees, however, that if, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section. Defendant also understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above. The finding by the Court that defendant qualifies as a career offender under U.S.S.G. §§ 4B1.1 or 4B1.2 will not serve as a basis for defendant to withdraw defendant's guilty plea.

14.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

15.  Defendant and the government reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

---

for an additional one-level reduction if available under that section.

WAIVER OF CONSTITUTIONAL RIGHTS

16. Defendant understands that by pleading guilty, defendant gives up the following rights:

     a) The right to persist in a plea of not guilty.

     b) The right to a speedy and public trial by jury.

     c) The right to be represented by counsel – and if necessary have the court appoint counsel – at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the court appoint counsel – at every other stage of the proceeding.

     d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

     e) The right to confront and cross-examine witnesses against defendant.

     f) The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

     g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

     h) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF APPEAL OF CONVICTION

17. Defendant understands that by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

1                    WAIVER OF APPEAL OF SENTENCE

2        18.   This guilty plea is intended to resolve all litigation in

3   this matter.   To that end, in addition to giving up her right to

4   appeal defendant's conviction, defendant gives up and waives any

5   right to appeal all of the following: (a) the procedures and

6   calculations used to determine and impose any portion of the

7   sentence; (b) the term of imprisonment imposed by the Court,

8   provided it is within the statutory maximum; (c) the fine imposed by

9   the Court, provided it is within the statutory maximum; (d) the term

10  of probation or supervised release imposed by the Court, provided it

11  is within the statutory maximum; and (e) all conditions of probation

12  or supervised release imposed by the Court, including, but not

13  limited to, the conditions set forth in General Orders 318, 01-05,

14  and/or 05-02 of this Court, the drug testing conditions mandated by

15  18 U.S.C. §§ 3563(a)(5) and 3583(d), and the alcohol and drug use

16  conditions authorized by 18 U.S.C. § 3563(b)(7).

17       19.   Defendant also gives up any right to bring a post-

18  conviction collateral attack on the conviction or sentence, except a

19  post-conviction collateral attack based on a claim of ineffective

20  assistance of counsel or an explicitly retroactive change in the

21  applicable Sentencing Guidelines (excluding any retroactive change

22  already contemplated by this agreement, as further described in

23  paragraphs 30-32), sentencing statutes, or statute of conviction.[3]

24       20.   The USAO gives up its right to appeal any sentence imposed

25  _____

26       [3] If defendant believes that his attorney has been
    ineffective, he must bring the facts of which he is aware that would
27  support such a claim to the Court's attention prior to sentencing.
    Failure to do so will serve to waive a subsequent collateral attack
28  based on a claim of ineffective assistance of counsel.

                                    11

1   by the Court and the manner in which the sentence is determined,

2   provided that the sentence is at or above the statutory minimum and

3   at or below the statutory maximum specified above.

4                    RESULT OF WITHDRAWAL OF GUILTY PLEA

5        21.   Defendant agrees that if, after entering a guilty plea

6   pursuant to this agreement, defendant seeks to withdraw and succeeds

7   in withdrawing defendant's guilty plea on any basis (including, as a

8   result of a successful appeal or a successful post-conviction

9   collateral attack), then (a) the USAO will be relieved of all of its

10  obligations under this agreement; and (b) should the USAO choose to

11  pursue any charge or any allegation of a prior conviction for a

12  felony drug offense that was either dismissed or not filed as a

13  result of this agreement, then (i) any applicable statute of

14  limitations will be tolled between the date of defendant's signing

15  of this agreement and the filing commencing any such action; and

16  (ii) defendant waives and gives up all defenses based on the statute

17  of limitations, any claim of pre-indictment delay, or any speedy

18  trial claim with respect to any such action, except to the extent

19  that such defenses existed as of the date of defendant's signing

20  this agreement.

21                RESULT OF VACATUR, REVERSAL OR SET-ASIDE

22       22.   Defendant agrees that if the count of conviction is

23  vacated, reversed, or set aside, both the USAO and defendant will be

24  released from all their obligations under this agreement, except

25  defendant is still bound by the obligations in paragraphs 22, 25 and

26  26.

27                     EFFECTIVE DATE OF AGREEMENT

28       23.   This agreement is effective upon signature and execution

                                     12

1        b)    Defendant waives and gives up all defenses based on

2  the statute of limitations, any claim of pre-indictment delay, or

3  any speedy trial claim with respect to any such action.

4        c)    Defendant agrees that: (i) any statements made by

5  defendant, under oath, at the guilty plea hearing (if such a hearing

6  occurred prior to the breach); (ii) the agreed to factual basis

7  statement in this agreement; and (iii) any evidence derived from

8  such statements, shall be admissible against defendant in any

9  action against defendant (including, but not limited to, in the

10 government's case-in-chief in the above-captioned case or any

11 related case), and defendant waives and gives up any claim under the

12 United States Constitution, any statute, Rule 410 of the Federal

13 Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

14 Procedure, or any other federal rule, that the statements or any

15 evidence derived from the statements should be suppressed or are

16 inadmissible.

17                COURT AND PROBATION OFFICE NOT PARTIES

18 26.   Defendant understands that the Court and the United States

19 Probation Office are not parties to this agreement and need not

20 accept any of the USAO's sentencing recommendations or the parties'

21 agreements to facts or sentencing factors.

22 27.   Defendant understands that both defendant and the USAO are

23 free to: (a) supplement the facts by supplying relevant information

24 to the United States Probation Office and the Court, (b) correct any

25 and all factual misstatements relating to the Court's Sentencing

26 Guidelines calculations and determination of sentence, and (c) argue

27 on appeal and collateral review that the Court's Sentencing

28 Guidelines calculations and the sentence it chooses to impose are

                                  14

1   not error, although each party agrees to maintain its view that the

2   calculations above are consistent with the facts of this case.

3   While this paragraph permits both the USAO and defendant to submit

4   full and complete factual information to the United States Probation

5   Office and the Court, even if that factual information may be viewed

6   as inconsistent with the facts agreed to in this agreement, this

7   paragraph does not affect defendant's and the USAO's obligations not

8   to contest the facts agreed to in this agreement.

9       28.   Defendant understands that even if the Court ignores any

10  sentencing recommendation, finds facts or reaches conclusions

11  different from those agreed to, and/or imposes any sentence up to

12  the maximum established by statute, defendant cannot, for that

13  reason, withdraw defendant's guilty plea, and defendant will remain

14  bound to fulfill all defendant's obligations under this agreement.

15  Defendant understands that no one -- not the prosecutor, defendant's

16  attorney, or the Court -- can make a binding prediction or promise

17  regarding the sentence defendant will receive, except that it will

18  be within the statutory maximum.

19  DEFENDANT'S WAIVER OF RIGHT TO FILE 18 U.S.C. § 3582(c)(2) MOTION TO

20                            REDUCE SENTENCE

21      29.   Defendant understands that on April 10, 2014, the United

22  States Sentencing Commission approved an amendment to the Drug

23  Quantity Table found in subsection (c) of § 2D1.1 of the Sentencing

24  Guidelines that would reduce the base offense level for the kind of

25  offense that defendant committed by two levels and that on July 18,

26  2014, the Commission approved a further amendment to make the

27  amendment to the Drug Quantity Table retroactive.   Defendant also

28  understands that, because these amendments have not yet gone into

15

1  effect, defendant is not presently entitled to a reduction of
2  defendant's base offense level.  Defendant further understands that,
3  after defendant is sentenced, defendant would only be eligible for a
4  reduction of defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2)
5  if both amendments go into effect.

6      30.  So as to give defendant the practical benefit of the
7  amendment to these amendments now, the government has agreed to
8  recommend a two-level downward variance from defendant's current
9  offense level, provided that defendant agrees to waive any right
10  that defendant may have to file a motion to reduce defendant's
11  sentence pursuant to 18 U.S.C. § 3582(c)(2) based on these
12  amendments.

13      31.  Defendant has had enough time to consider and thoroughly
14  discuss the government's proposal with defendant's attorney, who has
15  advised defendant of when a defendant is eligible to move for a
16  sentence reduction pursuant to 18 U.S.C. § 3582(c), how the
17  Sentencing Guidelines are amended, how and when they are made
18  retroactive, and how and when amendments go into effect.
19  Defendant's attorney and defendant agree that it is in defendant's
20  best interests to accept the government's proposal.  Accordingly,
21  provided that the government does recommend a two-level downward
22  variance from defendant's current offense level to give defendant
23  the benefit of the Sentencing Commission's April 10, 2014, and July
24  18, 2014, amendments, defendant agrees to waive any right that
25  defendant may have to file a motion to reduce my sentence pursuant
26  to 18 U.S.C. § 3582(c)(2) based on these amendments in the event
27  that they go into effect.

28

16

1

<u>NO ADDITIONAL AGREEMENTS</u>

2      32.   Defendant understands that, except as set forth herein or

3   in other signed written agreement(s) with the government, there are

4   no promises, understandings, or agreements between the USAO and

5   defendant or defendant's attorney, and that no additional promise,

6   understanding, or agreement may be entered into unless in a writing

7   signed by all parties or on the record in Court.

8         <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

9      33.   The parties agree that this agreement will be considered

10  part of the record of defendant's guilty plea hearing as if the

11  entire agreement had been read into the record of the proceeding.

12  AGREED AND ACCEPTED
    UNITED STATES ATTORNEY'S OFFICE
13  FOR THE CENTRAL DISTRICT OF CALIFORNIA

14
    ANDRÉ BIROTTE JR.
15  United States Attorney

16  _____     9/3/2014
    J. MARK CHILDS                       Date
17  JENNIFER L. WILLIAMS

18
    _____     8/30/14
19  CLAUDIA GARCIA                       Date
20  Defendant

21
    _____     8/30/14
22  JAMES S. BISNOW                      Date
    Attorney for Defendant
23  CLAUDIA GARCIA

24            <u>CERTIFICATION OF DEFENDANT</u>

25      I have read this agreement in its entirety.  I have had enough

26  time to review and consider this agreement, and I have carefully and

27  thoroughly discussed every part of it with my attorney.  I

28  understand the terms of this agreement, and I voluntarily agree to

                          17

1 those terms.  I have discussed the evidence with my attorney, and my
2 attorney has advised me of my rights, of possible pretrial motions
3 that might be filed, of possible defenses that might be asserted
4 either prior to or at trial, of the sentencing factors set forth in
5 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions,
6 and of the consequences of entering into this agreement.  No
7 promises, inducements, or representations of any kind have been made
8 to me other than those contained in this agreement or in another
9 signed written agreement(s) with the government.  No one has
10 threatened or forced me in any way to enter into this agreement.  I
11 am satisfied with the representation of my attorney in this matter,
12 and I am pleading guilty because I am guilty of the charges and wish
13 to take advantage of the promises set forth in this agreement, and
14 not for any other reason.

16 _____        _8·30-14_____
17 CLAUDIA GARCIA                        Date
   Defendant

18                CERTIFICATION OF DEFENDANT'S ATTORNEY

19     I am CLAUDIA GARCIA's attorney.  I have carefully and
20 thoroughly discussed every part of this agreement with my client.
21 Further, I have fully advised my client of his rights, of possible
22 pretrial motions that might be filed, of possible defenses that
23 might be asserted either prior to or at trial, of the sentencing
24 factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing
25 Guidelines provisions, and of the consequences of entering into this
26 agreement.  To my knowledge: no promises, inducements, or
27 representations of any kind have been made to my client other than
28 those contained in this agreement or in another signed written

                                  18

agreement(s) with the government; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

JAMES S. BISNOW
Attorney for Defendant
CLAUDIA GARCIA

8/20/14
Date