# UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### PROBATION OFFICE

January 16, 2015

MICHELLE A. CAREY
CHIEF PROBATION OFFICER

600 U. S. COURTHOUSE
312 N. SPRING STREET
LOS ANGELES 90012-4708

Honorable Christina A. Snyder
United States District Judge
United States Court House
Los Angeles, California 90012

       Re: GARCIA, Claudia
       Docket No. 0973 2:13CR00484-11

Dear Judge Snyder:

Having considered the sentencing factors enumerated at 18 U.S.C. § 3553(a) including the advisory guideline range of 33 to 41 months based upon an offense level of 18 and a criminal history category of III, the Probation Officer respectfully recommends the following sentence, which is a variance below the advisory range.

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Pursuant to Guideline § 5E1.2(a), all fines are waived as the Court finds that the defendant has established that she is unable to pay and is not likely to become able to pay any fine.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Claudia Garcia, is hereby committed on count one of the six-count indictment to the custody of the Bureau of Prisons for a term of 27 months.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation Office and General Order 05-02.

2

2. The defendant shall not commit any violation of local, state, or federal law or ordinance.

3. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

4. During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the United States Probation Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs, and the defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer.

5. As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's drug and alcohol dependency to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672. The defendant shall provide payment and proof of payment as directed by the Probation Officer.

6. During the period of community supervision, the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment.

7. The defendant shall comply with the immigration rules and regulations of the United States, and if deported from this country, either voluntarily or involuntarily, not reenter the United States illegally. The defendant is not required to report to the Probation Office while residing outside of the United States; however, within 72 hours of release from any custody or any reentry to the United States during the period of Court-ordered supervision, the defendant shall report for instructions to the United States Probation Office located at: United States Court House, 312 North Spring Street, Room 600, Los Angeles, California 90012.

8. The defendant shall not associate with anyone known to her to be a La Familia Michocana, the Knights Templar, or the Magician's Club gang member and others known to her to be participants in the La Familia

3

Michocana, the Knights Templar, or the Magician's Club gang's criminal activities, with the exception of her family members. She may not wear, display, use or possess any gang insignias, emblems, badges, buttons, caps, hats, jackets, shoes, or any other clothing that defendant knows evidence affiliation with the La Familia Michocana, the Knights Templar, or the Magician's Club gangs, and may not display any signs or gestures that defendant knows evidence affiliation with the La Familia Michocana, the Knights Templar, or the Magician's Club gangs.

9.  As directed by the Probation Officer, the defendant shall not be present in any area known to her to be a location where members of the La Familia Michocana, the Knights Templar, or the Magician's Club gangs meet and/or assemble.

10. The defendant shall cooperate in the collection of a DNA sample from the defendant.

The Court authorizes the Probation Office to disclose the Presentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for narcotic addiction or drug dependency. Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of the sentencing judge.

Justification

Pursuant to 18 U.S.C. § 3553(c)(2), the Court shall state in open court the reasons for imposing a sentence that is not of the kind or within the applicable sentencing guideline range.

Pursuant to 18 U.S.C. § 3553(a), the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the particular sentence to be imposed, shall consider --

1.  The nature and circumstances of the offense and the history and characteristics of the defendant;
2.  The need for the sentence imposed --
    a.  To reflect the seriousness of the offense; to promote respect for the law, and to provide just punishment for the offense;

  b. To afford adequate deterrence to criminal conduct;
  c. To protect the public from further crimes of the defendant; and
  d. To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

3. The kinds of sentences available;
4. The guideline sentencing range;
5. Any pertinent policy statements issued by the Sentencing Commission;
6. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. The need to provide restitution to any victims of the offense.

For the following reasons, the Probation Officer recommends a modest variance below the advisory guideline range to achieve a sufficient and just punishment for this defendant.

In the present case, the defendant assisted her boyfriend at the time, Luis Gerardo Vega (Vega), to take in and relay messages regarding drug and drug proceed transactions with unindicted co-conspirators on multiple occasions in October 2011. Based on her role as a trusted messenger between Vega and his drug purchasers, the instant offense is a serious crime for which a custodial sentence is warranted.

However, in this offense, the defendant was less than a minor but more than a minimal participant whose involvement was limited to assisting Vega with accepting and relaying messages about transactions for marijuana and drug proceeds. The defendant was a low-level participant in a two-and one-half year drug trafficking conspiracy that involved methamphetamine and marijuana distribution in the streets, and in prison by 13 named co-conspirators. Other than her connection to her boyfriend at the time, Vega, the defendant does not appear to have any additional ties to the overall conspiracy. The defendant's offense is much less serious than Vega and her co-conspirators, all of whom were distributing drugs and/or transporting drug proceeds.

As for the length of custodial sentence, the Probation Officer has considered the following mitigating factors to justify a modest variance from the low end of the advisory guideline range.

From 1993 until August 2011, Garcia's respect for the law was not what it should have been. For these 18 years, she had a substance abuse problem, was a gang member, and had a pattern of associating with active gang members who were leading criminal lifestyles. Although her criminal history is not lengthy or extensive, the defendant has had a number of law enforcement contacts, including at least six pending matters for traffic violations occurring between November 2007 and August 2011. The defendant's

most serious offense was for a drug related incident in 2008, which also involved her husband, an active gang member. For this drug related incident in 2008, the defendant was convicted of using/being under the influence of a controlled substance in 2010, and sentenced to probation (which extended for five years) and 120 days of county jail. In March 2011, the court found Garcia violated probation because Garcia was associating with an active gang member, who possessed a loaded handgun, in February 2011. Overall, criminal history category III does not overstate the seriousness of the defendant's prior criminal history.

On the other hand, the defendant greatly improved her respect for the law after she became involved with Homeboy Industries in August 2012. As part of her commitment to changing her life, she successfully completed a strict residential drug treatment program, passed the GED test, and acquired job skills. Garcia said that she has stayed away from active gang members. All this hard work demonstrates that Garcia had insight into her criminal conduct, and is committed to leading a sober, prosocial, and productive life in the future.

In this case, the defendant has complied with the conditions of pretrial supervision. During the presentence investigation, the defendant was very cooperative with the Probation Officer in providing requested personal and financial information in a comprehensive and timely manner. It appears that Garcia has taken the criminal processes to punish her offense very seriously, and her respect for the law is improved.

The recommended custodial sentence should be sufficiently punitive and provide adequate deterrence for this 39-year-old defendant. A longer custodial sentence is not needed to protect the public from this defendant.

The defendant's history and characteristics are factors in mitigation that support a reduction in the length of custodial sentence. After her parents divorced in 1991, the defendant (then age 16) became a rebellious teenager. Along with her own substance abuse problems, Garcia's life unfortunately became inextricably tied to the men in her life, who were leading criminal lifestyles. The defendant made a wrong choice, and for that she should be punished. However, the defendant's commitment and progress since August 2012 to change her life should be recognized and acknowledged in considering the appropriate sentence. As recognized by the staff members at Homeboy Industries and those involved with her addiction recovery, Garcia has taken on the difficult task of rehabilitation with a good attitude, and she serves as a mentor to others. As verified by her reference letters, the defendant has a strong positive support network at Homeboy Industries and Tarzana Treatment Center.

6

Unfortunately, the undersigned was unable to speak to Garcia's family member to learn more about her personal history. However, in part confirmed by the home visit, there is no reason to doubt that the defendant also can rely on strong family support.

Given her history and characteristics to date, the recommended 27-month custodial sentence, which incorporates a variance, would be stiff punishment for this defendant. The Probation Officer has not identified any need for correctional treatment that would justify a longer prison sentence.

Apart from the sentence imposed, this conviction will produce a collateral penalty as it pertains to the defendant's immigration status, since the instant offense will potentially subject Garcia to deportation. Jeopardizing the life she has built for herself and her children in the United States is a significant punishment in its own right.

Given the defendant's personal and family history and strong community ties, three years of supervised release, the statutory minimum, appears sufficient to monitor the defendant's adjustment into the community. Pursuant to 18 U.S.C. § 3583(d), conditions of supervised release must be reasonably related to the nature and circumstances of the offense and the history and characteristics of the defendant.

Conditions one (obey court orders), and two (obey all laws), and six (pay the special assessment) are standard conditions of supervised release.

Conditions three to five (drug testing and drug treatment) have been recommended given the nature and circumstances of the instant offense, and the defendant's history of alcohol and substance abuse.

Condition seven (comply with immigration rules and regulations) is recommended as the defendant is a permanent resident in the United States.

Conditions eight and nine (prohibition against association with the named gangs) is needed given that the defendant's association with a member or associate of this named gang during this conspiracy and as identified in relation to prior criminal history

Condition ten (cooperation in the collection of a DNA sample) is a statutorily mandated condition of supervision in this case.

Although the defendant is presently on bond, the Probation Officer has not recommended self-surrender because mandatory detention is applicable as defined in 18 USC 3142(f)(1)(A) for an offense for which a maximum term of imprisonment of ten years of more is prescribed in the Controlled Substances Import and Export Act.  However, the

7

Court, in its discretion, may choose to allow self-surrender should the Court make the requisite findings pursuant to 18 USC 3143(a), (release or detention pending sentence). In the event that the Court should make such findings, the Probation Officer is providing the following recommended wording for an order of self-surrender:

It is further ordered that the defendant surrender herself to the institution designated by the Bureau of Prisons on or before 12 noon, on a date set by the Court.  In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at:

Roybal Federal Building
255 East Temple Street
Los Angeles, California 90012

Respectfully Submitted,

MICHELLE A. CAREY
Chief U.S. Probation Officer

By:   PAMELA CHEN
U.S. Probation Officer
213-894-6022

Approved:

SUSAN JONES
Supervisor
213-894-6025

T10\GARCIA_CLAUDIA_135509_CAS_REC